UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAROLYN LYNN, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ARTHUR F. HELF, H. LAMAR COX, MICHAEL R. SAPP, FRANK PEREZ, and TENNESSEE COMMERCE BANCORP., INC.,<br><br>　　　　Defendants. | Case No. 3:12-cv-1137<br>Judge Aleta A. Trauger |

## MEMORANDUM and ORDER

Plaintiff Carolyn Lynn and Lead Plaintiff Grand Slam Capital Master Fund, Ltd. ("Grand Slam") (collectively, "plaintiffs") have filed a Motion for Leave to File a Second Amended Complaint ("Motion for Leave") (Docket No. 53), to which the defendants have filed a joint Response in opposition (Docket No. 55).

On November 11, 2012, plaintiff Lynn filed a Class Action Complaint (Docket No. 1), alleging claims under the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder. Broadly, the Complaint alleged that the defendants engaged in a scheme that artificially inflated the share price of the Tennessee Commerce Bancorp ("TNCC"), a publicly traded company, thereby causing the company's stockholders to suffer economic losses.[1]

---

[1] Specifically, Lynn asserted the following two claims: (1) a claim against all defendants for knowingly and/or recklessly violating § 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, by making false or materially misleading statements that artificially

1

On December 12, 2012, the court entered an Agreed Scheduling Order, under which (1) the plaintiff was required to move for appointment of a lead plaintiff by January 2, 2013; (2) the lead plaintiff would have 60 days to file an Amended Complaint from the date of appointment; and (3) the defendant would have 60 days to answer or otherwise move to dismiss the Amended Complaint, the plaintiff would have 60 days to respond to a motion to dismiss, and the defendant would have 45 days to file a reply. (*See* Docket Nos. 14 and 16.) Pursuant to a timely motion, the court appointed Grand Slam as lead plaintiff on January 18, 2013. (Docket No. 40.) On March 18, 2013, the day that the Amended Complaint was due, Grand Slam requested an extra 30 days to file the Amended Complaint, stating that it and lead counsel were "currently conducting a thorough investigation into the facts and allegations which will be included in the amended pleading and require extra time to conclude their efforts." (Docket No. 41.) The court granted that request, which the defendants did not oppose. (Docket No. 42.)

On April 18, 2013, Grand Slam filed a First Amended Class Action Complaint for Violation of the Federal Securities Laws (Docket No. 44) (the "FAC"), which included 179 paragraphs of allegations spanning 100 pages. Relative to the original Complaint, the FAC included considerably more detailed allegations regarding TNCC and the nature of the defendants' alleged actions with respect to it. According to the FAC, TNCC operated as the holding company for Tennessee Commerce Bank (the "Bank").

On January 27, 2012, the Tennessee Department of Financial Institutions had closed the Bank and appointed the Federal Deposit Insurance Corporation (the "FDIC") as receiver. The

---

inflated TNCC's share price; and (2) a claim against the individual defendants for violating § 20(a) of the Exchange Act, alleging that the individual defendants were "controlling persons" of TNCC.

FAC allegations quote extensively from a September 2012 "Material Loss Review of [TNCC]" issued by the FDIC Office of the Inspector General (the "OIG") after the Bank failed.[2]

On June 17, 2013, the defendants filed a Motion to Dismiss the First Amended Complaint (Docket No. 47). In support of the motion, the defendants argued, *inter alia*, that (1) the plaintiffs had not alleged facts establishing that the defendants had represented or omitted any material facts; (2) the plaintiff had not sufficiently alleged scienter and had failed to distinguish the roles of individual defendants; (3) the plaintiffs had failed to allege loss causation; and (4) the statute of limitations bars the claims. On August 19, 2013, the date on which the plaintiffs' response was due, the plaintiffs instead filed the instant Motion for Leave to File a Second Amended Complaint. The most significant changes in the Proposed Second Amended Complaint (Docket No. 53, Attachment No. 1) ("Proposed SAC") are (1) the addition of TNCC's external auditor during the relevant time period, Kraft CPAs PLLC ("Kraft"), as a defendant; (2) the addition of sections concerning each individual officer defendant, explaining why each defendant is a "controlling person" within the meaning of Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), and (3) clarified allegations relating to fraud and scienter.

In general, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, several factors should be considered, including "undue delay, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, [and] undue prejudice to the opposing party . . . ." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th

---

[2] The OIG conducted the material loss review because the FDIC reported that the Deposit Insurance Fund had incurred an estimated "material loss" of approximately $416 million when the Bank failed.

3

Cir. 2001) (quoting *Head v. Jelico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)).

Here, the plaintiffs do not dispute that the new facts alleged in the Proposed SAC come from the same sources cited in the FAC – *i.e.*, sources that were already available to the plaintiffs when they filed the FAC. However, the plaintiffs argue that they waited to seek leave to add Kraft pending the results of "additional research" and after "consulting various experts." (Docket No. 54 at p. 2.) They also argue that the complexity of this case justifies the timing of the remaining amendments.

The prejudice to the current defendants is limited and it is in the interest of justice that all potentially liable entities be made parties to the case. Discovery has not begun and, with respect to the existing defendants, the plaintiffs have not added any claims or appreciably changed their theories of liability. Thus, although the plaintiffs have added sections relating to each individual defendant, it does not appear that the defendants will be required to conduct substantial additional legal research when responding to the amended allegations. The plaintiffs' most substantial amendments relate to the proposed claims against Kraft, which the existing defendants (*i.e.*, all named defendants in the Proposed SAC other than Kraft) presumably will not need to address in a renewed motion to dismiss. Moreover, there is no evidence or allegation of bad faith on the part of the plaintiffs. Under the circumstances, the court will give the plaintiffs leave to file a Second Amended Complaint.[3] However, in the interest of conserving resources when responding to the SAC, the existing defendants may incorporate by reference their arguments and other materials filed in support of the pending Motion to Dismiss (*see*

---

[3]The court notes that the numbering of headers in the Proposed SAC is incorrect throughout the document. (*Compare, e.g.*, Proposed SAC p. 84 (listing section "e)" *with* p. 88 (listing next section as section "d)").) The plaintiffs will be directed to correct these errors.

4

Docket Nos. 49-50), to the extent applicable.

For the reasons stated herein, the plaintiffs' Motion for Leave to Amend (Docket No. 53) is hereby **GRANTED**, and the defendants' Motion to Dismiss (Docket No. 47) is **DENIED AS MOOT**. Subject to correcting the numbering errors noted herein, the plaintiffs shall file a Second Amended Complaint in the same form as the Proposed SAC by September 30, 2013. Renewed motions to dismiss shall be filed the present defendants by November 15, 2013, the plaintiffs shall respond by December 20, 2013, and replies may be filed by January 17, 2014.

It is so **ORDERED**.

Enter this 25th day of September 2013.

_____
ALETA A. TRAUGER
United States District Judge